IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRITTANY W. TRAYLOR, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:13-cv-00548 |
| WESTMORELAND FAMILY CLINIC, | ) | Judge Campbell |
| | ) | Magistrate Judge Griffin |
| Defendant. | ) | JURY DEMAND |

## CASE MANAGEMENT ORDER # 1

**A. JURISDICTION AND VENUE**

1. Plaintiff alleges that this Court has jurisdiction pursuant to 28 U.S.C. §§ 451, 1331, 1337 and 1343 1331. Defendant Westmoreland Family Clinic contends that it is not an employer as defined by Title VII of the Civil Rights Act.

**B. PARTIES' THEORIES OF THE CASE**

1. **Plaintiff's Theory of the Case**

Plaintiff, a Family Nurse Practitioner, began her employment with the Defendants in March 2012, working part-time as needed at Defendant's Hendersonville, Tennessee location. In April 2012, managing partner and owner James Meadows asked Plaintiff to work full-time at his Westmoreland, Tennessee clinic. She accepted and the contract offered Plaintiff included a probationary period before receiving full benefits, and eligibility for maternity leave after 90 days of employment and 6 weeks paid time off after the birth of the child. Plaintiff was not pregnant when she began her employment with Defendant.

On August 31, 2012, Plaintiff informed managing partner James Meadows that she was

pregnant. Plaintiff had not missed any shifts she was scheduled due to morning sickness and her pregnancy had not affected her job performance in any way. Less than one week after announcing her pregnancy, on September 5, 2012, Plaintiff was terminated from Defendant because she was "not the right fit." Until that point Plaintiff was considered a satisfactory employee with no incidents or personnel actions against her.

Defendant's treatment of Plaintiff was motivated by her gender and pregnancy.

### 2. Defendant's Theory of the Case

Defendant Westmoreland Family Clinic ("Clinic") provides medical services in Westmoreland, Tennessee. The Clinic contracted with Plaintiff to work as independent contractor providing services as a Family Nurse Practitioner to the Clinic. Plaintiff was unable to satisfactorily meet the Clinic's performance expectations of a Nurse Practitioner. As a result of Plaintiff's performance deficiencies, the Clinic ended her contractual relationship on or about September 5, 2012.

At the time Plaintiff's contract ended on September 5, 2012 and for the year preceding, the Clinic had less than fifteen employees.

C. **ISSUES RESOLVED:** Venue.

D. **ISSUES STILL IN DISPUTE:** Liability, defenses, and damages.

E. **INITIAL DISCOVERY:** The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within (45) days from the date of the initial case management conference.

F. **DISCOVERY:** The parties shall complete all written discovery on or before **Friday, March 21, 2014.** Discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the parties have conferred

2

in good faith. **Prior to filing any discovery-related motion the parties will schedule and conduct a telephone conference with the Magistrate Judge. The counsel requesting the conference shall check with opposing counsel as to their availability before setting a time certain with the Court.**

  G. MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before **Friday, September 20, 2013**

  H. DISCLOSURE OF EXPERTS: The parties will not use any experts in this case.

  I. DEPOSITION OF FACT WITNESSES: The parties shall depose all fact witnesses on or before **Tuesday, April 22, 2014.**

  J. SUBSEQUENT CASE MANAGEMENT CONFERENCE: A telephone conference with Magistrate Judge Griffin to discuss case progress is set for **Thursday, January 9, 2014, at 11:00 a.m., to be initiated by defendant's counsel, who shall get plaintiff's counsel on the phone and call the Court at 615-736-5164.**

  K. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before **Monday, May 26, 2014.** Responses to dispositive motions shall be filed by **Monday, June 23, 2014,** or within **28 days** after the motion is filed, whichever is earlier. Optional replies may be filed no later than **Monday, July 7, 2014,** or within **14 days** after the filing of the response, whichever is earlier. Briefs shall not exceed **twenty-five (25) pages** and optional replies shall not exceed **five pages**, absent Court permission for longer pleading.

3

L.  ALTERNATIVE DISPUTE RESOLUTION: The parties will discuss the possibility of mediation.

M.  ELECTRONIC DISCOVERY: The parties do not anticipate their being any electronic discovery.

N.  TRIAL DATE AND ESTIMATED TRIAL TIME: The parties estimate that the trial in this case will take between two to three days, depending on what issues remain for trial. This action will be set for trial by separate order.

It is so **ORDERED**:

_____
JULIET GRIFFIN
UNITED STATES MAGISTRATE JUDGE

4

Submitted for entry:


/s/   Andy L. Allman
Andy L. Allman, BPR No. 17857
ANDY L. ALLMAN & ASSOCIATES
103 Bluegrass Commons Boulevard
Hendersonville, TN 37075
Telephone: (615) 824-3761
Facsimile: (615) 264-2720
Email: andy@andylallman.com

*Counsel for Plaintiff*


 /s/   James H. Stock
James H. Stock, BPR No. 9262
Robbin Hutton, BPR No. 19440
JACKSON LEWIS LLP
999 Shady Grove Road, Suite 110
Memphis, TN 38120
(901) 462-2600
Email: james.stock@jacksonlewis.com
robbin.hutton@jacksonlewis.com

*Counsel for Defendant*